HILLARD, APPELLANT, *v.* HILLARD, APPELLEE.

[Cite as Hillard v. Hillard (1971), 29 Ohio App. 2d 20.]

(No. 1414—Decided June 21, 1971.)

*Mr. Gary H. Kaup*, for appellant.
*Mr. Fred Ross*, for appellee.

YOUNG, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Butler County granting custody of the minor child of the parties to the defendant father, who will be hereinafter referred to as the appellee. The plaintiff mother will be hereinafter referred to as the appellant.

The record indicates that the appellant filed a petition in the Butler County Common Pleas Court seeking a divorce from the appellee and custody of their child, a son under one year of age. Thereafter, appellee filed an answer and cross-petition seeking a divorce and custody of the minor child.

At a hearing on a motion for temporary custody of the child, the court made no finding as to the fitness of either parent but said the following: "* * * it will be in the best interests of the minor child of these parties, Bradley, that custody * * * during the pendency of this action, be granted to the maternal grandmother of said child."

The matter subsequently came on for final hearing and the "Final Decree" recites: "The court finds that the plaintiff has failed to present evidence in support of her petition and that the same should be and hereby is dismissed." In the same entry, the following words appear:

"Coming now to the matter of custody of the minor child of these parties, the court finds that it will be in the best interests of said child that the court cause an investigation to be made as to the suitability of both parties herein to have custody, and the court, therefore, grants temporary custody of the said minor child to the Butler County Welfare Department, and the court directs that an investigation shall be made forthwith. * * * The court directs that during the pendency of said investigation the child shall remain in the home of Bonnie Moore, the maternal grandmother. The court further directs that this matter shall be brought before this court for hearing on July 22, 1970, at 9 a. m. for ruling on the matter of custody of the minor child."

Thereafter, on July 30, 1970, a "judgment awarding custody of minor child" was placed of record. In this judgment the court recites that a divorce was granted to the parties on June 29, 1970, and that a final hearing on the matter of custody was to take place on July 22, 1970, and that temporary custody of the child had been granted to the Butler County Welfare Department.

The following paragraph then appears: "The court

finds that a custodial investigation has been made by this court with reference to the minor child and the court having received said investigation report now orders as follows *  * *.'' Following this is the order of the court granting custody to the appellee with reasonable rights of visitation to the appellant.

The appellant reserved exceptions to this order and thereafter filed a motion for reconsideration. This motion was overruled by an entry dated August 12, 1970, and on August 17, 1970, appellant filed her notice of appeal and caused the transcript and bill of exceptions to be filed in this court.

While the matter was pending in this court, appellant filed a motion for change of custody in the Common Pleas Court of Butler County, following which that court held an evidentiary hearing and thereafter denied the motion.

We find that while this question was properly pending in this court, the Common Pleas Court was without jurisdiction to entertain and consider a motion dealing with the question of the custody of said child and the record relating to the motion and proceedings in that court subsequent to the notice of appeal will be disregarded by this Court.

R. C. 3109.04 reads, in part, as follows:

"Upon hearing the testimony of either or both parents, corroborated by other proof, the court shall decide which of them shall have the care, custody, and control of the offspring, taking into account that which would be for their best interest * * *. Prior to trial, the court may cause an investigation to be made * * *.''

Counsel agree that on July 22, 1970, the appellant appeared with her counsel and several witnesses and that counsel for the appellee appeared, but without his client, and that the court informed counsel that no evidence would be received and gave them the following written opinion:

"This matter having been referred to the divorce investigator for a custodial investigation with reference to the minor child, Bradley, the court upon receiving the cus-

todial investigation report makes the following decision pertaining to the custody of the minor child.

"The court finds that the maternal grandparents are more affluent than the paternal side but the pattern of life as evidenced by the paternal side would be more conducive to the moral unbringing of the child. The subsequent marriage of the child's mother, Beverly, to Homer Cox (recently divorced) shows instability in the newer home.

"The court in considering all of the evidence and the investigator's report awards custody of the minor child to the defendant William Hillard, Jr.

"An entry may be drawn accordingly."

The opinion refers to "all of the evidence and the investigator's report"; however, the judgment prepared pursuant to the directions in the opinion, *supra*, makes no reference to "evidence."

The use of the investigative report in determining the question of custody is referred to in a number of Ohio decisions, but the rule is thoroughly discussed and perhaps best worded in *Woodruff* v. *Woodruff*, 7 Ohio Misc. 87, in which the headnote concludes with this statement:

"* * * the court has very wide discretion in determining what is best for the child, and is not bound by strict legal rules of evidence but may consider reports of court-appointed social workers and hearsay evidence (as long as the decision is not based entirely thereon)."

Inasmuch as the record indicates that the decision of the trial court was based entirely on the report of the investigator, the order of the court is vacated and held for naught and the cause is remanded for further proceedings according to law.

*Judgment accordingly.*

Hess, P. J., and Shannon, J., concur.