DECISION AND JUDGEMENT ENTRY
Peggy Webb appeals the judgment of the Athens County Court of Common Pleas, Juvenile Division, allocating the parental rights and responsibilities pertaining to her son, Alexander Lane ("Alex") Webb asserts that the trial court erred by adopting the final report of the guardian ad litem without holding a hearing. We agree, and hold that due process requires that the trial court permit each party to cross-examine a court-appointed investigator whose report the trial court considers as evidence. Because our resolution of Webb's first assignment of error requires us to remand this case to permit cross-examination of the guardian adlitem, we find the remainder of Webb's assignments moot, and we decline to address them pursuant to App.R. 12(A)(1)(c). Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 I.
Peggy Webb and Mark Lane never married, though Webb, Lane, and Webb's two children from her previous marriage lived together in Lane's house for several years. In June of 1993, Webb and Lane's son, Alex, was born. Webb, Lane, and the three children continued to cohabitate until July of 1997, when Webb purchased her own house and, with the three children, moved out of Lane's house. In October of 1997, Webb filed the underlying complaint for custody of Alex.
The court appointed a guardian ad litem to represent Alex's interests. The guardian filed an initial report recommending that Alex spend each week with Webb and each weekend with Lane. In December of 1997, the court issued a temporary order adopting the recommendations contained in the guardian ad litem's initial report.
Webb, Lane, and the guardian ad litem attended the final hearing on July 17, 1998. For reasons not apparent in the record, the court did not require the guardian to file his final report prior to the hearing. Webb and Lane presented three matters to the court for resolution: visitation, child support, and the tax exemption.
In his testimony, Lane testified that he agreed to the temporary custody order in December because his rental business, a partnership in which he was half-owner, did not permit him to spend weeknights with Alex. Lane informed the court that he was in the process of dissolving the rental partnership in order to give him more time to spend with Alex. Lane testified that he wanted visitation with Alex for full-week time periods and that he hoped he and Webb could share Alex's time equally.
Webb testified that she was satisfied with the visitation schedule established by the court's temporary order, and that she believed Alex would spend a lot of time with babysitters if the court granted Lane visitation rights that included weekday visitation.
Before adjourning the hearing, the court ordered the guardianad litem to review the matter with the parties and prepare a final report. The court stated that, after the guardian's report was filed, it would give each party a chance to review the report, make written comments, and inform the court "whatever else it is that you['re] proposing to the Court in the way of argument or your proposals for what the Court should do with regard to the three issues that you proposed to me at the outset." The parties agreed to file post-hearing memoranda on the support issue by the end of July 1998. Each party filed post-hearing memoranda regarding all three issues before the guardian filed his final report and recommendation.
On October 8, 1998, the guardian ad litem filed his final report and recommendation. The final report differed substantially from the guardian's initial report in that it recommended that Alex spend alternating two week periods with each parent.
Webb filed a motion for a new hearing, asserting that new facts had come to light since the July 17, 1998 hearing. Specifically, Webb requested a new hearing based upon the fact that the trial court conducted the final hearing without the benefit of the guardian ad litem's final report.
The trial court denied Webb's motion for a new hearing and adopted the guardian ad litem's recommended visitation schedule. The court calculated Lane's child support obligation based upon his income, with a downward adjustment based upon the amount of time Alex would be in Lane's care pursuant to the visitation schedule.
Webb timely appealed the trial court's decision, asserting the following assignments of error:
 I. The trial court committed prejudicial error by adopting the guardian ad litem's report as the final determination of the parenting issues and order to the court without conducting a hearing on the guardian ad litem's
recommendations.
 II. The trial court committed prejudicial error and abused its discretion by awarding appellee a visitation schedule which constitutes a de facto shared parenting plan.
 III. The trial court committed prejudicial error in the manner in which it computed the child support, and abused its discretion in awarding the tax exemption to appellee every year.
 II.
In her first assignment of error, Webb asserts that the trial court erred by adopting the guardian ad litem's recommendations without conducting a hearing wherein she was permitted to cross-examine the guardian on those recommendations. Webb asserts that, when the court appoints a guardian ad litem, the guardian must prepare and file his report with the court prior to the final hearing, and that each parent must be afforded an opportunity to cross-examine the guardian ad litem if the court considers the guardian's report as evidence. Webb contends that the trial court violated her due process rights by allocating the parental rights based upon a guardian's report which was prepared after the final hearing, because doing so deprived her of a meaningful opportunity to cross-examine the guardian.
Pursuant to R.C. 3109.04, in any action pertaining to the allocation of parental rights and responsibilities, "[p]rior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent * * *." R.C. 3109.04(C); see, also, Civ.R. 75(D) (providing court with ability to order investigations pertaining exclusively to divorce, separation, annulment, or modification of parental rights actions); R.C.2317.39 (providing court with ability to order investigation pertaining to any civil or criminal action). A guardian adlitem's duties include investigating one or more such areas and delivering a report and recommendation regarding the child's best interests. In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, 232;In re Pryor (1993), 86 Ohio App.3d 327, 339. Hence, a guardian adlitem is an investigator within the meaning of R.C. 3109.04(C). See Shoff v. Shoff (June 30, 1998), Franklin App. No. 97APF10-1377, unreported; In re Black (Sept. 11, 1997), Defiance App. No. 4-97-11, unreported.
R.C. 3109.04(C) provides that the report of a court appointed investigator "shall be made available to either parent or his counsel of record not less than five days before trial, upon written request * * * and the investigator shall be subject to cross-examination by either parent concerning the contents of the report." See, also, Civ.R. 75(D) (requiring availability seven days prior to trial); R.C. 2317.39 (requiring availability five days prior to trial)
A trial court may consider the report of a court-appointed investigator without the oral testimony of the investigator and despite the hearsay inherent in such a report. Eitel v. Eitel
(Aug. 23, 1996), Pickaway App. No. 95CA11, unreported, citingCorrigan v. Corrigan (Dec. 30, 1986), Ross App. No. 1300, unreported. However, if the court chooses to consider an investigator's report as evidence, it must fully comply with the statutory provision pursuant to which it orders the report. SeeEitel. In Eitel, we affirmed the trial court's use of an investigator's report by relying upon the fact that the trial court complied with the provisions of Civ.R. 75(D). Most importantly, the trial court afforded the parties sufficient due process protection by making the court-appointed investigator available for cross-examination. Eitel, supra, see, also,Corrigan, supra, citing Hillard v. Hillard (1971), 29 Ohio App.2d 20,23. Based upon these holdings, we find that a trial court, in order to consider a guardian ad litem's report without violating the parties' due process rights, must afford all parties the opportunity to cross-examine the guardian ad litem regarding his or her report.
In this case, the trial court considered the guardian adlitem's final report. Thus, to afford due process to Webb and Lane, the trial court was required to afford Webb and Lane the opportunity to cross-examine the guardian ad litem with respect to his final report. By denying Webb's request for a hearing after the guardian ad litem issued his final report, the trial court deprived Webb of due process.
Lane asserts that Webb agreed to the procedure of submitting written comments in response to the guardian ad litem's final report, and therefore that Webb waived her right to cross-examine the guardian ad litem regarding the final report.
Lane is correct in his assertion that any error not raised below is waived on appeal. Van Camp v. Riley (1984), 16 Ohio App.3d 457,463. However, our review of the record reveals no clear waiver in this case. While the court ordered the parties to file written comments on the guardian ad litem's report and arguments respecting the allocation of parental rights and responsibilities, the court did not state that those written comments were to take the place of any further evidence. In fact, the court clearly left the final hearing open for at least one piece of evidence, specifically, the guardian ad litem's report. Courts frequently conduct a single required hearing over a period of two or more days. See, e.g., Eitel, supra, (hearing took place over six months on five separate days) Therefore, when the court specifically leaves the hearing open for additional evidence, it is reasonable for the parties to believe they will have the opportunity to present or proffer further evidence. Cf., Shoff,supra, (court should have required guardian ad litem to file his report before the hearing or before written closing arguments were filed; however, court did not err by refusing to re-open the record to allow cross-examination of the guardian ad litem after closing arguments)
Under the circumstances, we cannot find that Webb waived her right to cross-examine the guardian ad litem with respect to the guardian's final report. Accordingly, we sustain Webb's first assignment of error.
 III.
In her second and third assignments of error, Webb challenges the visitation schedule and child support determination included in the trial court's order. Because the trial court's decision with regard to each of these matters may change upon remand, we find the Webb's second and third assignments of error are moot. Therefore, we decline to address them pursuant to App.R. 12(A)(1)(c).
In conclusion, we sustain Webb's first assignment of error and find her second and third assignments of error moot. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND REMANDED.
 WEBB v. LANE — ATHENS APP. NO. 99CA12
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents with Attached Dissenting Opinion.
For the Court
 BY: _______________________________ ROGER L. KLINE, PRESIDING JUDGE
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.