OPINION
{¶ 1} Appellant, Donna M. Martin ("Donna") appeals the July 14, 2003 judgment entry and decree of divorce of the Common Pleas Court of Marion County awarding a 1985 Ford Ranger to James M. Martin Jr. ("James") and admitting and considering recommendations of the court-appointed investigator of Family Services.
 {¶ 2} Donna and James were married on June 9, 1995. One child, Kendrah L. Martin, was born during the marriage, on August 1, 1996. The parties separated on March 17, 2002 and on March 27, 2002, Donna filed for divorce, alleging incompatibility as one of her grounds. James admitted incompatibility in his answer filed on April 25, 2002.
 {¶ 3} The court ordered a referral in the case to Family Services Coordinators in June 2002. Home investigations were not conducted until November 2002 and a report was submitted to the court in December 2002. Both parties requested an examination of the Family Service Coordinator's report and both parties were granted the opportunity to examine it.
 {¶ 4} Donna filed a shared parenting plan on March 7, 2003. James did not file a parenting plan or object to Donna's shared parenting plan. A discharge was granted in the parties' bankruptcy action prior to the final divorce hearing on June 27, 2003, which settled some of the issues of the parties' marital debt. After a trial on the issues of dividing marital assets and child custody, the court issued a judgment entry of divorce on July 14, 2003. It is from this judgment that Donna now appeals, asserting two assignments of error.
It was error on the part of the trial court to not set off thewife's separate property: to wit, 1985 Ford Ranger to her andthen fail to give written findings of fact to support the court'sdecision pursuant to Revised Code 3105.171(D).
 Error was committed by the trial court in admitting the reportof the Family Court Services (Court Exhibit 1) over objection ofcounsel when the report was not current and violated MarionFamily Court Rule 18.02 when it contained recommendations and notjust investigation. See also Revised Code 3109.04(C).
 {¶ 5} In her first assignment of error, Donna argues that a 1985 Ford Ranger was separate property given to Donna by her father and should not have been awarded to James. Donna asserts that the testimony by both her and her father proves that the vehicle was separate property belonging to Donna.
 {¶ 6} Trial courts have broad discretion in determining the equitable distribution of property in divorce cases. Lust v.Lust, 3d Dist. No. 16-02-04, 2002-Ohio-3629, 2002 WL 1593744;Bisker v. Bisker (1994), 69 Ohio St.3d 608, 635 N.E.2d 308. The overall appropriateness of a property division is generally reviewed under an abuse of discretion standard. Martin v.Martin (1985), 18 Ohio St.3d 292, 480 N.E.2d 1112. Abuse of discretion implies that the court's attitude in making a decision was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 7} Pursuant to R.C. 3105.171, "[i]n divorce proceedings, the court shall, * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the martial and separate property equitably between the spouses, in accordance with this section." "Marital property" is defined in R.C. 3105.171(A)(3)(a) and is further defined in R.C.3105.171(A)(3)(b) as not including any separate property. "Separate property" is defined as "all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
(i) An inheritance by one spouse by bequest, devise, ordescent during the court of the marriage;
 (ii) Any real or personal property or interest in real orpersonal property that was acquired by one spouse prior to thedate of the marriage;
 (iii) Passive income and appreciation acquired from separateproperty by one spouse during the marriage;
 (iv) Any real or personal property or interest in real orpersonal property acquired by one spouse after a decree of legalseparation issued under section 3105.17 of the Revised Code;
 (v) Any real or personal property or interest in real orpersonal property that is excluded by a valid antenuptialagreement;
 (vi) Compensation to a spouse for the spouse's personalinjury, except for loss of marital earnings and compensation forexpenses paid from marital assets;
 (vii) Any gift of any real or personal property or of aninterest in real or personal property that is made after the dateof the marriage and that is proven by clear and convincingevidence to have been given to only one spouse."
 {¶ 8} R.C. 3105.171(D) also provides that, except as otherwise provided in the statute, "the court shall disburse a spouse's separate property to that spouse." If the court does not disburse in this manner, "the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse." R.C. 3105.171(D).
 {¶ 9} While the trial court in this case did not specifically declare the 1985 Ford Ranger either marital or separate property, the court awarded the vehicle to James in his equitable division of the marital property. The trial court awarded each party the vehicles in his/her possession at the time of the divorce hearing, free and clear of any claim by the other party.
 {¶ 10} The party seeking to have certain property declared separate has the burden of showing that such property meets the statutory definition of "separate." Kerchenfaut v. Kerchenfaut,
3d Dist. No. 1-01-14, 2001-Ohio-2259, 2001 WL 1023105. R.C.3105.171(A)(6)(vii) provides that in order for a gift of property, made after the date of marriage, to be considered separate property, it must be proven by clear and convincing evidence to have been given to only one spouse. Id. The holding of title to property by one spouse individually does not alone prove that the property is separate property. R.C. 3105.171(H).
 {¶ 11} Donna fails to show that the trial court abused its discretion by awarding the 1985 Ford Ranger to James, resulting in an inequitable division of marital property. Donna has also failed to show by clear and convincing evidence that the vehicle was a gift to Donna alone, i.e. separate property. The only evidence in the record regarding this property is testimony by Donna and her father, Jerry Hall, that the 1985 Ford Ranger was a gift from her father during the pendency of the marriage and that the vehicle is titled in her name.
 {¶ 12} However, the 1985 Ford Ranger was not listed on the parties' list of personal property that was appraised for purposes of property distribution on November 12, 2002. Each party indicated on the list which property was separate and the trial court awarded separate property to each party as it was identified on the appraisal list. As the 1985 Ford Ranger was not presented for appraisal or included on the personal property list for indication as separate property, the trial court did not distribute the property in such manner. Rather, Donna presented the 1985 Ford Ranger as separate property for the first time at the hearing for divorce on March 31, 2003. As the testimony was not consistent with the parties' indication of separate property on the personal property appraisal list, it was the discretion of the trial court to determine whether the property should be considered separate or marital.
 {¶ 13} We hold that the evidence is ambiguous at best, a matter to be resolved by the trial court or finder of fact, and in any event, fails to establish the vehicle as separate property, by the requisite degree of proof. Nor can we say that the trial court abused its discretion by finding that the 1985 Ford Ranger was not the separate property of Donna.
 {¶ 14} In reaching our conclusion that the trial court did not err in his distribution of the property, we have taken into consideration that "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony."Barkley v. Barkley (1997), 199 Ohio App.3d 155, 159,694 N.E.2d 989. We cannot substitute our judgment for that of the trial court unless, considering the circumstances and evidence in the case, the trial court abused its discretion. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 554 N.E.2d 83. Accordingly, we overrule Donna's first assignment of error.
 {¶ 15} In her second assignment of error, Donna argues that the trial court erred in admitting the report by Family Services because the report was not current and because it violated both Marion Family Court Rule 18.02 and R.C. 3109.04(C). Donna asserts that the report violated the local rules of the Marion County Family Court as well as R.C. 3109.04(C) because it contained recommendations of the investigator.
 {¶ 16} Rule 18 of the Family Division of the Court of Common Pleas of Marion County, Ohio provides:
18.01 The Court, pursuant to Ohio Revised Code Section3109.04(C), may appoint Family Court Services, upon its ownMotion or the Motion of a party, in order to complete aninvestigation.
 18.02 An investigation may be made as to the character, familyrelations, past conduct, earning ability, and financial worth ofeach parent and request the Court to order the parents and theirminor children to submit to medical, psychological, andpsychiatric examinations.
 18.02 The report of the investigation and examination shall bemade available to either parent and/or counsel of record not lessthan seven (7) days before trial. The report may be available atthe settlement conference or final pre-trial provided that afinal hearing has already been scheduled. The report shall besigned by the investigator, and the investigator shall be subjectto cross-examination by either parent concerning the contents ofthe report.
 {¶ 17} Local Rule 18 closely follows the language of R.C.3109.04(C), which provides, in relevant part:
Prior to trial, the court may cause an investigation to bemade as to the character, family relations, past conduct, earningability, and financial worth of each parent and may order theparents and their minor children to submit to medical,psychological, and psychiatric examinations. The report of theinvestigation and examinations shall be made available to eitherparent or the parent's counsel of record not less than five daysbefore trial, upon written request. The report shall be signed bythe investigator, and the investigator shall be subject tocross-examination by either parent concerning the contents of thereport. * * *
 {¶ 18} Neither the local rule nor R.C. 3109.04(C) mentions recommendations of the investigator. Donna interprets the absence of reference to recommendations by the investigator to mean such are forbidden by the rules. This interpretation is not supported by the case law in Ohio.
 {¶ 19} Appellate courts in Ohio have held that trial courts may consider the report of a court appointed investigator despite the hearsay inherent in the report. See Webb v. Lane (Mar. 15, 2000), 4th Dist. No. 9CA12, unreported, 2000 WL 290383; Sayre v.Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 653 N.E.2d 712. "As long as the investigator is made available for cross examination, the parties' due process rights are protected, and a court may consider the report, even without oral testimony by the investigator, and despite any hearsay that may be contained in the report." Id. The language of both R.C. 3109.04(C) and Civ.R. 75(D) implicitly gives the trial court the authority to admit custody investigation reports as evidence, since they can be ordered by the court and the investigator is subject to cross examination. Scarbrough v. Scarbrough (July 18, 2001), 9th Dist. No. 00CA007743, unreported, 2001 WL 808974. The court must not base its decision entirely on the report of the investigator though. Hilliard v. Hilliard (1971), 29 Ohio App.2d 20,277 N.E.2d 557. The report must contain sufficient facts from which the judge may draw his conclusion. Nolte v. Nolte (1978),60 Ohio App.2d 227, 396 N.E.2d 807.
 {¶ 20} Neither party in this case chose to subpoena the investigator and exercise his/her right to cross-examine the investigator as to the contents of his report. Both parties were presented with and took advantage of the opportunity to examine the report of the investigator prior to trial. Both parties were also free to testify themselves in opposition to findings in the report and were free to call witnesses to contradict findings in the report. While the trial court did consider the investigator's report in making his findings of fact, the trial court also stated that it considered all of the evidence admitted during the trial and observed the parties and witnesses and assessed their credibility. We must assume that the trial court gave the investigator's report the appropriate weight in making his findings of fact. We find that the trial court complied with the requirements of R.C. 3109.04(C), as well as the related rules regarding the admission of evidence, and since Rule 18 of the Marion County Family Court is essentially identical to R.C.3109.04(C), we find the that the trial court, likewise, complied with this rule. Accordingly, we overrule Donna's second assignment of error.
 {¶ 21} Having found no merit with the assignments of error presented for our review, we affirm the judgment of the Court of Common Pleas of Marion County.
Judgment affirmed.
Cupp and Shaw, JJ., concur.