OPINION
{¶ 1} Cassandra Copeland-Jackson appeals the May 6, 2004 decree of divorce entered in the Court of Common Pleas of Paulding County, Ohio. In its journal entry, the trial court designated Kirkwood Jackson, Appellee, the sole residential parent and legal custodian of Chay, Mark, and Remien Jackson, minor children adopted by the parents during their marriage.
 {¶ 2} The parties were married on October 6, 1998. During their marriage, they adopted Chay, Mark, and Remien, each of whom is designated as a "special needs" child. Kirkwood filed for divorce on March 20, 2003 and was temporarily designated residential parent of the children. Cassandra filed an answer and a request for visitation on March 25, 2003. Pursuant to her motion, the trial court designated her residential parent of the children. On November 20, 2003 Kirkwood filed a motion for shared parenting and submitted a proposed parenting plan, which came on for hearing on November 24, 2003.
 {¶ 3} Subsequent to that hearing, but prior to the trial court entering a final decision, Kirkwood filed for an emergency order terminating Cassandra's temporary custody and designating him as residential parent. The trial court issued its journal entry granting the divorce and designating Kirkwood sole residential parent and legal guardian on May 6, 2004. Cassandra was granted standard visitation with an additional evening each week. The trial court found that this was in the best interests of the children.
 {¶ 4} Cassandra appeals from that decision, asserting two assignments of error.
The trial court abused its discretion and erred in grantingparental rights and responsibilities to plaintiff/appellee whenit did not render its decision based upon the required statutoryfindings pursuant to R.C. 3109.04, which require the court toconsider the best interests of the child.
 The trial court abused its discretion and erred in grantingparental rights and responsibilities to plaintiff/appellee whenit rendered its decision against the manifest weight andsufficiency of the evidence.
Decisions concerning child custody matters rest within the sound discretion of the trial court. Miller v. Miller (1988),37 Ohio St.3d 71. Custody determinations are some of the most difficult and agonizing decisions a trial judge must make, and therefore appellate courts must grant wide latitude to their consideration of the evidence. Davis v. Flickinger (1997),77 Ohio St.3d 415, 418, 674 N.E.2d 1159. Therefore, we must not substitute our judgment for that of the trial court's absent an abuse of discretion. Miller, 37 Ohio St.3d at 74. An abuse of discretion connotes more than an error of law or judgment; it indicates that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 5} In her first assignment of error, Cassandra asserts that the trial court failed to consider the statutory factors relevant to custody determinations. In making an allocation of parenting rights, a court is required to act in the best of interests of the children. R.C. 3109.04(B)(1). In order to determine the child's best interest, the court is required to consider the factors outlined in R.C. 3109.04(F), but may consider additional factors as well. R.C. 3109.04(F)(1).
 {¶ 6} A review of the record demonstrates that the trial court fully complied with the analysis mandated by R.C.3109.04(F). Specifically, the trial court made findings of fact relating to the following R.C. 3109.04(F)(1) factors:
(g) The parent more likely to honor and facilitatecourtapproved parenting time rights or visitation andcompanionship rights;
. . .
(h) . . . Whether there is reason to believe that eitherparent has acted in a manner resulting in a child being an abusedor neglected child;
 (i) Whether the residential parent . . . has continuously andwillfully denied the other parent's right to parenting time inaccordance with an order of the court;
As to the factors listed under subsections (g) and (i), the trial court found that "[Kirkwood] experienced resistance from [Cassandra] when he attempted to see the children when she removed them to Springfield." There was also evidence that Cassandra's family would not allow Kirkwood to take the children when he arrived to pick them up for his visitation time. Furthermore, the record contained evidence tending to show that Cassandra would refuse to allow Kirkwood to speak to the children over the phone, and when he was permitted to speak to the children, she abruptly ended the conversations and hung up.
 {¶ 7} Moreover, the trial court made findings pertaining to R.C. 3109.04(F)(1)(h) as well. The trial court noted that "[Cassandra] is a strict disciplinarian and disciplines the children by spanking them with her hand, belts, and a mini-blind." The trial court also made findings pertaining to an allegation of child abuse against Cassandra involving Mark. In February 2004, allegations arose that Cassandra had hit Mark with a belt, and that the belt buckle struck his eye causing it to bruise. Both Mark and his sister Remien initially indicated that Mark's black eye was caused by Cassandra hitting him with a belt. When Cassandra took Mark to the emergency room to be examined for signs of physical abuse, Mark told Dr. Dobbins that he sustained the bruised eye lid when falling against the wall in his bedroom. Dr. Dobbins testified before the trial court and indicated that he was of the opinion that Mark's injury could not have been sustained from falling against a wall. This evidence, coupled with the Cassandra's admitted use of belts to discipline the children, could reasonably lead the trial court to find that Cassandra has acted in a manner resulting in the children being an abused.
 {¶ 8} The record also reflects that the trial court conducted an in camera interview of the children. Although the record does not indicate whether the children expressed a desire to live with one parent or the other, we presume that the trial court's consideration of any expressed desires of the children was correct. Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846, 849 ("[T]he reviewing court in [child custody] proceedings should be guided by the presumption that the trial court's findings were indeed correct.").
 {¶ 9} The record therefore reflects that the trial court considered the applicable factors outlined in R.C. 3109.04(F)(1) in making its determination of the children's best interests. Cassandra's first assignment of error is overruled.
 {¶ 10} In her second assignment of error, Appellant argues that the trial court's decision designating Kirkwood the sole residential parent was against the manifest weight of the evidence.
 {¶ 11} The judge, acting as the trier of fact, is in the best position to observe the witnesses, weigh evidence and evaluate testimony. In re Brown (1994), 98 Ohio App.3d 337; see alsoDavis v. Flickinger (1997), 77 Ohio St.3d 415, 418,674 N.E.2d 1159; Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23,550 N.E.2d 178. Therefore, "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273. It is the trial court's role to examine evidence as it pertains to the factors listed in R.C. 3109.04(F)(1). If competent, credible evidence supports the trial court's determination of these factual matters, an appellate court will not reverse its judgment as being against the manifest weight of the evidence. Davis v.Flickinger, 77 Ohio St.3d at 418, 674 N.E.2d 1159.
 {¶ 12} Cassandra argues that the evidence indicates that she was better equipped to be the residential parent because she was trained and experienced in child welfare. Cassandra testified to her twenty-six years experience working with children as a daycare center teacher and administrator. She currently works for the Northwest Ohio Community Action Commission (NOCAC). She contends that these facts demonstrate that it is in the best interests of the children to place them in her custody.
 {¶ 13} However, the trial court's determination of the children's best interests is guided by the factors listed in R.C.3109.04(F). So long as the determination of these factors is supported by competent, credible evidence, we must uphold the decision of the trial court. Id. Therefore, we must determine whether such evidence exists in the record to support the trial court's conclusions pertaining to these factors.
 {¶ 14} As previously stated, the trial court had ample evidence to conclude that designating Kirkwood as the residential parent was in the best interests of the children pursuant to those factors. The trial court heard evidence pertaining to several of the factors listed in R.C. 3109.04(F). Specifically, several witnesses testified to Cassandra's harsh forms of discipline. Kirkwood testified that he had to stop Cassandra from hitting the children with a belt and a mini-blind rod on several occasions. Cassandra's former teaching assistant at NOCAC testified that she would discipline the children while at school. A former babysitter testified that Cassandra instructed her to spank the children whenever they wet themselves as a form of potty training them.
 {¶ 15} Moreover, several witnesses testified to the fact that Cassandra and her family prevented Kirkwood from having parenting time. One witness testified that Cassandra's mother refused to let Kirkwood take the kids when he came to pick them up for his scheduled parenting time. Kirkwood's sister also testified to the fact that Cassandra often would not let Kirkwood speak to his children on the phone, and would end conversations abruptly. She testified to a specific incident on Halloween, when she and Kirkwood took her children trick-or-treating and ran into Cassandra and the children, and Cassandra would not even let Kirkwood see his children in their costumes. This testimony could lead the court to conclude that Cassandra would be less likely "to honor and facilitate court-approved parenting time rights."
 {¶ 16} Finally, Cassandra's apparent assertions that she should be presumed to be residential parent because she has experience working with kids are insufficient to fulfill her burden. Rather, a review of the record provides no evidence that any of the factors listed in R.C. 3109.04(F) should be weighed against Kirkwood. Instead, witnesses testified that Kirkwood was an active parent and participated in the children's classes at Head Start, that he was an affectionate father who was never violent towards his kids, and that was fully compliant with all previous court orders pertaining to parenting time and visitation rights.
 {¶ 17} In sum, there is amble competent, credible evidence upon which the trial court could conclude that designating Kirkwood as the residential parent is in the best interests of the children. Based on the foregoing, Cassandra's second assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Cupp and Rogers, JJ., concur.