OPINION
{¶ 1} Defendant-Appellant, Anna L. Goodman, appeals a judgment of the Marion County Court of Common Pleas, designating Plaintiff-Appellee, Ronald J. Goodman, as the residential parent of their child, Daisy Goodman. Anna contends that the manifest weight of the evidence does not support the trial court's finding that she was unlikely to facilitate the parent/child relationship between Daisy and Ronald. She also contends that it was error for the trial court to focus solely on the parent/child relationship in determining Daisy's best interests. Finally, Anna contends that it was error for the trial court to utilize the family services report in determining Daisy's best interests.
 {¶ 2} After reviewing the entire record, we find that the trial court's findings are supported by competent, credible evidence, that there is no support for Anna's assertion that the trial court failed to consider all of the required statutory factors, and that it was not improper for the trial court to consider the family services report. Accordingly, all three of Anna's assignments of error are overruled, and the judgment of the trial court is affirmed.
 {¶ 3} Ronald and Anna were married on March 11, 1996. Daisy was born during their marriage on April 19, 1999. Another child, A.J. Goodman, was also born during their marriage. Anna's child from a previous marriage, Andrew, lived in the marital home with the rest of the family and considered Ronald to be his father.
 {¶ 4} Sometime in the middle of 2002, Ronald discovered that Daisy and A.J. were not his biological children. In October of 2002, he filed a petition for divorce.
 {¶ 5} On November 20, 2002, Ronald was awarded temporary custody of Daisy and A.J. and exclusive use and occupancy of the marital residence. Anna filed a motion to vacate the temporary custody order based on the fact that Ronald was not the children's biological father. This motion was granted, and Anna was granted temporary custody of Daisy and A.J. Despite having been awarded exclusive use of the marital residence, Ronald allowed Anna, Daisy, and A.J. to reside in the home with him.
 {¶ 6} The divorce was scheduled for a final hearing on April 16, 2003; however, Ronald filed a motion to place the case on inactive status because he was contemplating adopting Daisy. The trial court granted Ronald's motion, and the case was placed on inactive status on April 14, 2003. Subsequently, with the consent of Anna and Daisy's biological father, Ronald adopted Daisy.
 {¶ 7} In August of 2003, Ronald barred Anna from living in the marital residence. Anna then took Daisy, A.J., and Andrew to live with her mother and stepfather in Kentucky. Eventually, Andrew and A.J. returned, but Daisy remained in Kentucky with Anna's mother and stepfather for an additional three months.
 {¶ 8} After Ronald's adoption of Daisy had been finalized, the divorce proceeding was reactivated and placed back on the trial court's docket. On May 3, 2004, the trial court ordered its family services coordinator to conduct an investigation into Daisy's family situation and file a report as provided for in R.C. 3109.04(C). Notice that the investigative report had been completed and was available for review was provided to the parties and filed with the trial court on May 25, 2004. The notice informed the parties that the contents of the report were available for examination at the Marion County Domestic Relations court during that court's regular business hours.
 {¶ 9} On June 3, 2004, the final divorce hearing was held. The parties stipulated to the division of assets and liabilities and to a finding of incompatibility. The only issue of contention was which party should be named as Daisy's residential parent. The trial court heard the testimony of Ronald, Anna, Anna's mother and stepfather as well as Daisy's babysitter. After considering this testimony and the investigative report filed by the family services coordinator, the trial court found that it was in Daisy's best interests that Ronald be named her residential parent. From this judgment Anna appeals, presenting three assignments of error for our review.
 Assignment of Error I The court erred to the prejudice of Defendant-Appellant by concludingshe was unlikely to facilitate the parent/child relationship between thechild and the other parent.
 Assignment of Error II The court erred to the prejudice of Defendant-Appellant by focusingsolely on 3109.04(F)(1)(f) in determining the best interests of thechild.
 Assignment of Error III The trial court erred to the prejudice of Defendant-Appellant byimproperly employing the family services report.
 Assignment of Error I {¶ 10} In her first assignment of error, Anna maintains that the trial court erred by finding that she was unlikely to facilitate the parent/child relationship between Daisy and Ronald. She asserts that such a finding was against the manifest weight of the evidence.
 {¶ 11} Trial courts are vested with broad discretion in determining the allocation of parental rights and responsibilities for the care of minor children. Blaker v. Wilhelm, 6th Dist. No. WD-04-003, 2005-Ohio-317, at ¶ 9, citing Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Therefore, a reviewing court must uphold the trial court's decision in such cases absent an abuse of such discretion. Blaker at ¶ 9, citingMasters v. Masters, 69 Ohio St.3d 83, 85, 1994-Ohio-483. An abuse of discretion will only be found where the decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} "This highly deferential standard of review rests on the premise that the trial judge is in the best position to determine the credibility of witnesses because he or she is able to observe their demeanor, gestures and attitude. * * *. This is especially true in a child custody case, since there may be much that is evident in the parties' demeanor and attitude that does not translate well to the record." Blaker at ¶ 10, quoting In re LS, 152 Ohio App.3d 500,2003-Ohio-2045, at ¶ 12. Accordingly, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. McCage v. Dingess, 5th Dist. No. 03CA111, 2004-Ohio-5692, at ¶ 16, citing C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus of the Court.
 {¶ 13} A trial court must consider the child's best interests when allocating the rights and responsibilities of parents in connection with a divorce action. R.C. 3109.04(B)(1). In making the determination of what is in the child's best interests, the trial court must consider the non-exclusive list of factors enumerated in R.C. 3109.04(F)(1). Jacksonv. Copeland-Jackson, 3rd Dist. No. 11-04-05, 2004-Ohio-5426, at ¶ 11. However, it is within the trial court's discretion to consider any other relevant factor. Id.; R.C. 3109.04(F)(1).
 {¶ 14} One of the non-exclusive factors that the trial court was required to consider was which parent was "more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights." R.C. 3109.04(F)(1)(f). The trial court discussed this factor in its judgment entry, finding that Anna was unlikely to facilitate Daisy and Ronald's parent/child relationship. Anna contends that such a finding was against the manifest weight of the evidence. We disagree.
 {¶ 15} Anna sent Daisy to live in Kentucky, against Ronald's wishes, for a period of ten months. Ronald testified that he was unable to visit Daisy during her ten month stay in Kentucky and that his phone calls to Daisy during this time were not always answered or returned. Furthermore, the testimony clearly established that Anna desired to move away from Marion and that she was seeking full time employment in Maui. Additionally, the family services coordinator's report stated that Anna was not likely to facilitate Ronald and Daisy's parent/child relationship.
 {¶ 16} Based on the above, we find that there is competent, credible evidence supporting the trial court's finding that Anna was not likely to facilitate the parent/child relationship. Accordingly, her first assignment of error is overruled.
 Assignment of Error II {¶ 17} In her second assignment of error, Anna contends that the trial court failed to consider all of the factors listed in R.C. 3109.04(F)(1). She claims that the trial court based its decision regarding Daisy's best interests solely on its finding that Anna was not likely to facilitate the parent/child relationship pursuant to R.C. 3109.04(F)(1)(f).
 {¶ 18} As noted in our discussion of Anna's first assignment of error, a trial court is required to consider the non-exclusive list of factors enumerated in R.C. 3109.04(F)(1) when it determines a child's best interests within the context of allocating the parental rights of parties to a divorce action. Jackson at ¶ 11. However, a reviewing court must presume that the trial court considered all relevant factors unless the record affirmatively demonstrates to the contrary. Kauble v.Pfeiffer, 3rd Dist. No. 9-03-06, 2003-Ohio-6988, at ¶ 17, citing Mollicav. Mollica, 9th Dist. No. 02CA0079-M, 2003-Ohio-3921, at ¶ 11.
 {¶ 19} In the case sub judice, there is nothing in the record to suggest that the trial court did not consider all of the relevant statutory factors. Therefore, we must presume that the trial court considered all of the R.C. 3109.04(F)(1) factors. Id.
 {¶ 20} Additionally, there is evidence in the record that actually reveals the trial court did consider more than just the parent/child relationship in making the best interests determination. The trial court discussed the fact that Daisy's babysitter had testified that Ronald was more reliable than Anna and that Anna was often late in picking up Daisy. The trial court also noted Anna's unstable work history, with her longest term of employment being one year at a Hooter's Restaurant. Furthermore, the fact that Anna had sent Daisy to live in Kentucky and was contemplating moving to Maui for a job relates to R.C.3109.04(F)(1)(j), which states that the trial court must consider "[w]hether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 21} Accordingly, we find that there is no evidence in the record the trial court failed to consider the required statutory factors, and Anna's second assignment of error is overruled.
 Assignment of Error III {¶ 22} In her final assignment of error, Anna asserts that the trial court erred by utilizing the family services coordinator's report in determining Daisy's best interests. She claims that the report contained improper recommendations that were outside of the statutorily defined scope of such reports. She also argues that the coordinator who prepared the report was not available for cross-examination as required by statute. Lastly, she contends that the report was not made available and accessible for review. We find no merit in any of these claims.
 {¶ 23} R.C. 3109.04(C) provides that:
Prior to trial, the court may cause an investigation to be made as tothe character, family relations, past conduct, earning ability, andfinancial worth of each parent and may order the parents and their minorchildren to submit to medical, psychological, and psychiatricexaminations. The report of the investigation and examinations shall bemade available to either parent or the parent's counsel of record notless than five days before trial, upon written request. The report shallbe signed by the investigator, and the investigator shall be subject tocross-examination by either parent concerning the contents of the report.The court may tax as costs all or any part of the expenses for eachinvestigation.
 {¶ 24} According to Anna's first argument, the report should only contain factual information regarding the "character, family relations, past conduct, earning ability, and financial worth of each parent." Id. She claims that it was improper for the report to contain any recommendations in the absence of any language in the statute specifically allowing the investigator to make such recommendations.
 {¶ 25} This court has previously addressed this precise issue inMartin v. Martin, 3rd Dist. No. 9-03-47, 2004-Ohio-807, at ¶ 15-20. InMartin, we held that despite the absence of language in the statute allowing the investigative report to contain recommendations, such recommendations were proper as long as the report contained sufficient facts from which the trial court could draw a proper conclusion and the trial court did not rely exclusively on the report in reaching its conclusions. Martin at ¶ 19. Absent some proof to the contrary, "[w]e must assume that the trial court gave the investigator's report the appropriate weight in making his findings of fact." Id. at ¶ 20.
 {¶ 26} The investigative report in the case before us contained numerous facts, all of which are supported by the record. Furthermore, there is no evidence that the trial court relied solely on the investigative report in making the best interests determination. To the contrary, the trial court stated that it had relied on all of the facts and circumstances before it in determining Daisy's best interests. Accordingly, we find that the trial court did not commit error in utilizing an investigative report that contained recommendations.
 {¶ 27} Next, Anna argues that the family services coordinator who authored the investigative report was not available for cross-examination as required by R.C. 3109.04(C).
 {¶ 28} In pertinent part, R.C. 3109.04(C) states that "the investigator shall be subject to cross-examination by either parent concerning the contents of the report." Loc.R. 18 of the Court of Common Pleas of Marion County, Family Division, provides as follows:
18.01 The Court, pursuant to Ohio Revised Code Section 3109.04(C), mayappoint Family Court Services, upon its own Motion or the Motion of aparty, in order to complete an investigation.
 18.02 An investigation may be made as to the character, familyrelations, past conduct, earning ability, and financial worth of eachparent and request the Court to order the parents and their minor childrento submit to medical, psychological, and psychiatric examinations.
 18.03 The report of the investigation and examination shall be madeavailable to either parent and/or counsel of record not less than seven(7) days before trial. The report may be available at the settlementconference or final pre-trial provided that a final hearing has alreadybeen scheduled. The report shall be signed by the investigator, and theinvestigator shall be subject to cross-examination by either parentconcerning the contents of the report.
 18.04 If counsel intends to call the investigator as a witness, theinvestigator must be subpoenaed seven (7) days prior to the scheduledhearing.
 18.05 The Court may tax as costs all or any part of the expenses foreach investigation.
 {¶ 29} Anna claims that the local rule acted to prevent the family services coordinator from being available for cross-examination. Loc.R. 18.04 requires the investigator to be subpoenaed at least seven days prior to trial, while Loc.R. 18.03 states that the report does not have to be filed until seven days prior to the trial. Thus, Anna argues that the investigator was not available to be subpoenaed under the local rule, because by the time the investigative report was filed the time for subpoenaing the investigator has already passed. This argument fails to take into account all of the facts in the record.
 {¶ 30} On May 3, 2004, a full month prior to the hearing, the trial court filed an order stating that it was requesting a report from the family services coordinator. This order was forwarded to both Anna and Ronald, their respective lawyers, and the family services coordinator. The trial court also filed a separate notice that provided the name of the family services coordinator who was responsible for completing the investigation and authoring the report. This notice was signed by both parties' lawyers and was also filed on May 3, 2004. Therefore, it is clear that the investigator was known to Anna and was available to be subpoenaed long before the deadline of the local rules.
 {¶ 31} Additionally, the hearing to determine Daisy's best interests was held on Thursday, June 3, 2004. This would make Friday, May 28, 2004, the final day that the investigator could be have been subpoenaed under the local rules. However, the notice to the parties that the report had been completed and was available for review was filed with the trial court on Tuesday, May 25, 2004. Therefore, Anna had several days from the time she was notified of the report's completion to subpoena the investigator.
 {¶ 32} For these reasons, we find no evidence that the family services coordinator who authored the report was unavailable for cross-examination, and Anna's argument to the contrary is rejected.
 {¶ 33} Finally, Anna contends that the report was not made available for review as required by R.C. 3109.04(C) and 2317.39. R.C. 3109.04(C) provides that "[t]he report of the investigation and examinations shall be made available to either parent or the parent's counsel of record not less than five days before trial, upon written request." Similarly, R.C.2317.39 states
Whenever an investigation into the facts of any case, civil orcriminal, pending at the time of such investigation in any court, is made* * * and a report of such investigation is prepared for submission tothe court, the contents of such report shall not be considered by anyjudge of the court * * * unless the full contents of such report havebeen made readily available and accessible to all parties to the case ortheir counsel. The parties or their counsel shall be notified in writingof the fact that an investigation has been made, that a report has beensubmitted, and that the contents of the report are available forexamination. Such notice shall be given at least five days prior to thetime the contents of any report are to be considered by any judge of thecourt wherein the case is pending.
 {¶ 34} Herein, the parties and their lawyers were given written notice of the trial court's request that such a report be prepared on May 3, 2004. Additionally, the parties received written notice that the report had been submitted and that the report was available for examination on May 25, 2004, well in advance of the required five days prior to the hearing. However, the notice informed the parties that the report could only be examined at the Marion County Domestic Relations Court during regular office hours. Anna claims that this restriction violated the statutory mandate that the report be made available and accessible for review. She bases this claim on the fact that she was unable to obtain a physical copy of the report.
 {¶ 35} In interpreting statutes, "we must give effect to the words used in the statute, and not delete words that are used or insert words that are not used." Covington v. Airborne Express, Inc., 10th Dist. No. 03AP-733, 2004-Ohio-6978, at ¶ 13, citing Campbell v. Burton,92 Ohio St.3d 336, 341, 2001-Ohio-206, superseded on other grounds by statute as stated in Estate of Ridley v. Hamilton Cty. Bd. Of MentalRetardation, 102 Ohio St.3d 230, 2004-Ohio-2629.
 {¶ 36} Neither R.C. 3109.04(C) nor R.C. 2317.39 dictates the manner in which the report must be made available and accessible. Furthermore, neither statute states that the parties should receive a copy of the report. In fact, the use of the terms available and accessible seems to indicate that the legislature intended only that the parties have the ability to examine the report and not necessarily receive a copy of it. The only requirement in the statute is that the contents of the report be made available to the parties for review. This Court cannot read an additional requirement into the statute that the parties receive a physical copy of the report. Id.
 {¶ 37} The trial court notified Anna that the report was available for review at the Marion County Domestic Relations Court during that court's regular office hours. This satisfied the statutory mandate that the report be made available and accessible for review.
 {¶ 38} Based on our discussion above, we find that the trial court did not err in utilizing the family services coordinator's report when it determined Daisy's best interests. Therefore, Anna's third assignment of error is overruled.
 {¶ 39} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Bryant, J., concur.