OPINION
{¶ 1} On September 30, 1992, appellee, Margie McCabe (Kelly), filed a complaint against appellant, Brian Dingess, to determine parentage of Cortney Dingess, born May 15, 1992. By judgment entry filed same date, the trial court noted appellant's acknowledgment of paternity, and set forth orders regarding child support, visitation and custody. Appellee was named residential parent.
 {¶ 2} On December 6, 2001, appellee filed a motion to modify child support. On January 11, 2002, appellant filed a motion for the reallocation of parental rights and responsibilities, and submitted a shared parenting plan.
 {¶ 3} Hearings before a magistrate were held on May 16, and June 20, 2002. By decision filed August 1, 2002, the magistrate recommended an increase in child support to $388.55 per month, and denied appellant's shared parenting plan or any change in custody.
 {¶ 4} Appellant filed objections. By opinion filed August 1, 2003, the trial court changed the child support obligation to $364.10 per month, and approved the custody determination. By supplemental opinion filed September 2, 2003, the trial court approved the denial of appellant's shared parenting plan. A judgment entry reflecting these opinions was filed on September 2, 2003.
 {¶ 5} On November 21, 2003, the trial court filed a judgment entry approving the magistrate's recommendation for adjusted parenting times which reflected the parties' agreement of May 15, 2003.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "The trial court erred when the manifest weight of the evidence showed that the reallocation of parental rights and responsibilities should be with appellant."
 II {¶ 8} "The trial court erred against the manifest weight of the evidence when it failed to adopt appellants shared parenting plan."
 III {¶ 9} "The trial court erred against the manifest weight of the evidence when it failed to order greater visitation to appellant."
 IV {¶ 10} "The trial court erred when the manifest weight of the evidence showed appellant should have received a greater deviation in child support based on the facts of the case."
 V {¶ 11} "The trial court erred when it says it ordered greater visitation than was being exercised under the parties' then current order."
 VI {¶ 12} "The trial court erred when it dated the judgment entry back to the date of filing of appellees motion to modify support."
 VII {¶ 13} "The trial court erred when it did not order the parties to submit shared parenting plans to the court for review and implementation when the magistrate found that shared parenting would be in the best interests of the child."
 VIII {¶ 14} "The trial court erred when it did not implement the appellant's shared parenting plan based on the parties not being able to agree on the scope of the plan when it found that shared parenting would be in the best interests of the child."
 I, II, III, IV, V, VI, VII, VIII {¶ 15} In his assignments of error, appellant claims the trial court's decision was against the manifest weight of the evidence. Appellant challenges the trial court's decision on reallocation of parental rights, shared parenting plan, child support and visitation. We disagree with appellant's arguments.
 {¶ 16} Decisions on custody, child support and visitation lie within the trial court's sound discretion. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21; Trickey v. Trickey (1952),158 Ohio St. 9; Booth v. Booth (1989), 44 Ohio St.3d 142. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983) 5 Ohio St.3d 217. Furthermore, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson, 66 Ohio St.3d 610, 1993-Ohio-9. "The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger (1997), 77 Ohio St.3d 415,418.
 REALLOCATION OF PARENTAL RIGHTS {¶ 17} The main reason for appellant's request for reallocation of parental rights centered on the school district the child would attend. Appellee moved out of the Johnstown School District, and appellant feared the child would not be able to keep attending the Johnstown schools. Appellant also argued that due to appellee's move, he now lived closer to the school and could better accommodate after school activities.
 {¶ 18} Appellant conceded at oral argument that the current Johnstown School District policy permits the child to remain in Johnstown schools. We therefore conclude this issue is moot. We further find that pursuant to R.C. 3109.04(E)(1), there has been no substantive change to the circumstances of the child. Although appellee and the child have relocated out of the Johnstown School District, the child is still a student at Johnstown schools.
 SHARED PARENTING PLAN {¶ 19} Appellant argues the trial court should have adopted his shared parenting plan because it would have made parenting time more equal (appellant only has the child forty-two percent of the time), after school monitoring would have been resolved, conflicts between the parties would have been reduced and he would have received extra time with his daughter (he feels he has missed much of her growing-up years).
 {¶ 20} Although all of these arguments are commendable, we find the record does not establish a substantive change in the child's circumstances to warrant a change of parenting. R.C.3109.04(E)(1).
 {¶ 21} Further, pursuant to R.C. 3109.04(F)(2)(a), a factor to be considered is the "ability of the parents to cooperate and make decisions jointly." As conceded by appellant at oral argument, the atmosphere at the time of the hearings was not amicable. Appellant contends the parties are now on better terms and facilitate the visitation orders. This, however, was not the case during the hearings.
 {¶ 22} It must be noted the overwhelming factor to be considered is the best interest of the child, R.C. 3109.04(E)(1), and not the wishes of the parents. To disturb the home life of the child to facilitate the needs of the movant is contrary to the letter and spirit of the statute.
 {¶ 23} Appellant also claims the trial court erred in not ordering appellee to submit a shared parenting plan pursuant to R.C. 3109.04(G). It is clear in the record that appellee objected to a shared parenting plan in as much as it was an alternative motion to the main thrust of the hearing which was the reallocation of parental rights.
 {¶ 24} Therefore, we find the trial court's failure to require appellee to file her own shared parenting plan was not a fatal error, but a harmless error.
 CHILD SUPPORT {¶ 25} The basis of appellant's objection to the determination of child support is rooted in appellant's position that he is entitled to a greater deviation in child support payments because of the duplication of items he provides for the child while in his home. Because he is required to pay child support while the child is at appellee's home and he provides the same items at his home, he should have a greater deviation.
 {¶ 26} We disagree that such a temporal agreement would require a further deviation in child support. Appellant is not required to give duplicate items, but volunteers to do so. We find the trial court did not err in denying any further deviation.
 {¶ 27} Appellant also claims the effective date of the child support modification should not be the date of the filing of the motion. In Murphy v. Murphy (1984), 13 Ohio App.3d 388, 389, our brethren from the Tenth District found parties "are entitled to have the order of the trial court relate back to the date upon which the motion for a modification of child support was filed. Any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations."
 {¶ 28} We find the trial court's order to be lawful and not an abuse of discretion as the trial court provided adequate time for the payment of arrearages.
 VISITATION {¶ 29} Appellant claims the trial court miscalculated and gave him less parenting time. By judgment entry filed November 21, 2003, the trial court ordered the following parenting times:
 {¶ 30} "The Plaintiff shall remain residential parent and legal custodian of the parties minor child, to wit: Courtney Dingess, whose date of birth is 5-15-92. The Defendant shall have parenting times with Courtney on alternate weekends from Friday to Monday and alternate Thursday overnight and alternate Mondays overnight in accordance with the Judgment filed May 15, 2003."
 {¶ 31} The referenced "Judgment filed May 15, 2003" is an agreed judgment signed by the parties' attorneys. Said entry states it is a mutual agreement between the parties. Therefore, we conclude the trial court correctly provided the agreed visitation times in the final entry.
 {¶ 32} Upon review, we find the trial court did not err in determining custody, child support and visitation.
 {¶ 33} Assignments of Error I, II, III, IV, V, VI, VII and VIII are denied.
 {¶ 34} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.