OPINION
{¶ 1} Appellant, Jodi Culp ("Jodi"), appeals from three judgments of the Allen County Court of Common Pleas, Juvenile Division, granting Appellee, Allen County Children Services Board ("Children Services"), permanent custody of her three children, Ciara, Jonah, and Jared Culp (collectively referred to as the "children"). Jodi maintains that the trial court's judgments were against the manifest weight of the evidence. After reviewing the entire record, we hold that there is competent and credible evidence supporting the trial court's findings. Accordingly, the judgments of the trial court are affirmed.
 {¶ 2} Jodi is the natural mother of Ciara, Jonah, and Jared Culp. She gave birth to Ciara on February 27, 1994 and to Jonah and Jared on August 27, 1996. On March 27, 2002, all three children were removed from Jodi's home. The basis for this removal was that Jodi was addicted to crack cocaine, homeless, and unable to provide the children with a stable household. Furthermore, the children had not been enrolled in school and were without proper food or clothing. Thereafter, on July 22, 2002, the children were found to be dependent and neglected and placed in the temporary custody of Children Services.
 {¶ 3} Despite the fact that the children had been adjudicated to be dependent and neglected, Jodi was given weekly supervised visitation rights. However, she failed to exercise those rights. Her last visitation with the children occurred on April 9, 2002. Furthermore, Children Services was unable to locate or contact Jodi despite repeated attempts. Consequently, Children Services filed motions for permanent custody on October 25, 2002. All three motions for permanent custody were consolidated for the purposes of one hearing.
 {¶ 4} The hearing for the permanent custody motions was scheduled for May 20, 2003. In the interim, Children Services discovered that Jodi had been arrested on February 16, 2003 for possession of crack cocaine. After contacting Jodi, Children Services learned that from April 9, 2002, the day of her last visit with the children, until her arrest on February 16, 2003, Jodi had been living in several different states and prostituting herself to finance her crack cocaine habit. Jodi admitted that she had made no attempt to contact or visit with her children during this time period. Jodi also informed Children Services that she wished to turn her life around and resume visitation with the children after she got out of jail. This request was denied by Children Services due to the recommendations of the children's therapist, and Children Services decided to proceed with the motions for permanent custody.
 {¶ 5} At the May 20, 2003 permanent custody hearing, it was established that Jodi had not been in contact with her children since April 9, 2002. It was also established that she had not even attempted to contact her children until March 4, 2003. However, the hearing had to be continued because the State did not have all of its witnesses available to testify. During this continuance, Children Services decided to allow Jodi to participate in limited visitation with the children.
 {¶ 6} Between May of 2003 and November of 2003, Jodi continued to visit with the children and started to turn her life around. She had gained employment, was remaining free of drugs, and had obtained suitable housing. Indeed, her situation had improved to such a degree that Children Services allowed her to keep the children for overnight visits and had indefinitely suspended the permanent custody motion so that Jodi could prove that she would be able to provide a suitable household for the children.
 {¶ 7} However, on December 31, 2003, Jodi tested positive for cocaine and was incarcerated for violating her probation. Jodi had also tested positive for cocaine on three other prior occasions, August 26, September 29, and December 16, 2003, but her probation officer did not file a probation violation until the fourth positive test occurred. Jodi had also been kicked out of the home where she was living and had no place to stay. Because she had resumed using cocaine and would be homeless upon her release from incarceration, Children Services reinitiated the proceedings seeking permanent custody of the children.
 {¶ 8} As a result, the hearing was resumed, and the trial court heard evidence from Jodi's caseworker, the children's foster mother, Jodi's probation officer, Jodi's sister, and Jodi. After hearing all of the testimony and considering the guardian ad litem's report, the trial court found that it was in the children's best interest that Children Services be granted permanent custody and that the children could not be placed with either parent within a reasonable time. Accordingly, the trial court granted Children Services' permanent custody motions. Subsequently, Jodi filed this timely notice of appeal, and all three cases were consolidated upon the sua sponte consideration of this Court. Jodi presents the following assignment of error for our review.
Assignment of Error
 The trial court's decision granting Allen County Children ServicesBoard permanent custody of the minor children pursuant to Section2151.414(B)(2) was against the manifest weight of the evidence.
 {¶ 9} In her sole assignment of error, Jodi maintains that the trial court's judgment was against the manifest weight of the evidence. Specifically, she takes issue with the trial court's findings that the children could not be placed with her within a reasonable time and that permanent custody was in the children's best interest.
 {¶ 10} Trial courts are vested with broad discretion in determining the allocation of parental rights and responsibilities for the care of minor children. Blaker v. Wilhelm, 6th Dist. No. WD-04-003, 2005-Ohio-317, at ¶ 9, citing Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Therefore, a reviewing court must uphold the trial court's decision in such cases absent an abuse of discretion. Blaker at ¶ 9, citing Mastersv. Masters, 69 Ohio St.3d 83, 85, 1994-Ohio-483. An abuse of discretion will only be found where the decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} "This highly deferential standard of review rests on the premise that the trial judge is in the best position to determine the credibility of witnesses because he or she is able to observe their demeanor, gestures and attitude. * * * This is especially true in a child custody case, since there may be much that is evident in the parties' demeanor and attitude that does not translate well to the record."Blaker at ¶ 10, quoting In re LS, 152 Ohio App.3d 500, 2003-Ohio-2045, at ¶ 12. Accordingly, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. McCage v. Dingess, 5th Dist. No. 03CA111, 2004-Ohio-5692, at ¶ 16, citing C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus of the Court.
 {¶ 12} A trial court may grant a request for permanent custody if it finds that permanent custody is in the child's best interest and that the child cannot be placed with either of the child's parents within a reasonable time. R.C. 2151.414(B)(1)(a). In determining the child's best interest, the trial court must consider the non-exclusive list of factors contained in R.C. 2151.414(D). With regard to Ciara, the trial court stated that:
Upon consideration of all relevant factors enumerated in Ohio RevisedCode Section 2151.414(D), the court finds that the child interacts wellwith her siblings and the foster parents. Although the child hasexpressed a desire to return to the custody of the mother, the childfurther indicated that she did not want to do so unless the mother hasovercome her substance abuse. The foster parents are providing for theneeds of the child inclusive of any special psychological and medicalneeds. The child has been in the temporary care and custody of AllenCounty Children Services Board and in foster placement continuously sinceMarch 27, 2002. The child's need of a legally secure permanent placementcan not be achieved without a grant of permanent custody to the agency.
 {¶ 13} The trial court's findings with regard to Jonah and Jared were exactly the same with the exception that the pronoun she used above was replaced with the pronoun he.
 {¶ 14} Similarly, the trial court must consider the non-exclusive list of factors in R.C. 2151.414(E) when determining whether a child can be placed with the child's parents within a reasonable time. After considering these factors, the trial court found that Jodi had failed to substantially remedy the conditions that caused the children to be removed from her home (R.C. 2151.414(E)(1)), that her chemical dependency was so severe that it made her unable to provide an adequate permanent home for the children (R.C. 2151.414(E)(2)), that she had demonstrated a lack of commitment toward the children by failing to regularly support, visit, or communicate with them and by other actions showing an unwillingness to provide an adequate permanent home (R.C. 2151.414(E)(4)), that she had abandoned the children (R.C. 2151.414(E)(10)), and that she had shown an unwillingness to provide food, clothing, shelter, and other basic necessities for the children (R.C. 2151.414(E)(14)).
 {¶ 15} It is clear from the record that the trial court considered the factors in both R.C. 2151.414(D) and (E) and made the required findings necessary to grant Children Services permanent custody. It is also clear that there is competent and credible evidence in the record supporting those findings.
 {¶ 16} The children had been in the temporary custody of Children Services for well over two years. Jodi did not even attempt to have any contact with the children from April 9, 2002 until March 4, 2003. According to R.C. 2151.011(C), a child is presumed abandoned when the parents of the child have failed to visit with the child for more than ninety days, regardless of whether the parents resume contact with the child after that ninety day period. Furthermore, while Jodi had made a valiant attempt to stay clean and turn her life around, she tested positive for cocaine on four separate occasions after she resumed contact with the children. Both the Children Services case worker and the children's foster mother testified that the children got along well with each other and were flourishing in their foster home. The testimony also established that the children desired to be with their mother, but only if she had control over her substance abuse. The evidence shows that Jodi has been unable to achieve this. Finally, the guardian ad litem recommended that Children Services be granted permanent custody.
 {¶ 17} After reviewing the entire record, we find that there is competent and credible evidence supporting the trial court's findings that the children could not be placed with Jodi within a reasonable amount of time and that it was in the children's best interest to grant Children Services permanent custody. Accordingly, Jodi's assignment of error is overruled.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 Cupp, P.J., and Shaw, J., concur.