[Cite as *Foster v. Stuff*, 2025-Ohio-5584.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TERRY FOSTER | Case No. 2025 CA 0062 |
| Petitioner - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2025CV213N |
| ANGELA STUFF, WARDEN | Judgment:   Affirmed |
| Respondent – Appellee | Date of Judgment Entry: December 15, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; David M. Gormley, Appellate Judges

**APPEARANCES:** TERRY FOSTER, PRO SE, for Petitioner Appellant; DAVE YOST, LISA K. BROWNING, for Respondent-Appellee.

*King, J.*

{¶ 1}   Petitioner-Appellant Terry Foster, an inmate at the Richland Correctional Institution, appeals the July 29, 2025 judgment of the Richland County Court of Common Pleas which granted the motion for summary judgment of Respondent Angela Stuff, Warden of the Richland Correctional Institution. We affirm the trial court.

Facts and Procedural History

{¶ 2}   On November 22, 2021, Foster was indicted on 26 counts arising from the murder of victims N.A. and L.B, and the attempted murders of J.J. and J.A.

{¶ 3}   On February 1, 2023, Foster entered pleas of guilty to count two, the murder of L.B., an unclassified felony which carried a three-year firearm specification; count eight, which the State amended from murder to the lesser included offense of involuntary

manslaughter of N.A., a felony of the first-degree, with all firearm specifications dismissed; and Count 22, trafficking, a felony of the third-degree, with cell phone and cash forfeitures.

{¶ 4}   The trial court held a sentencing hearing on February 24, 2023. On count two, murder, Foster was sentenced to 15 years to life with a three-year gun specification to be served prior and consecutive to the underlying sentence. For count eight: three years for involuntary manslaughter to be served consecutive to count two. Foster was sentenced to 12 months on count 22; drug trafficking with cash and cell phone forfeitures to be served concurrently with count two for an aggregate total sentence of 21 years to life.

{¶ 5}   Foster appealed, challenging the trial court's compliance with Crim.R. 11 and his consecutive sentences. As to consecutive sentences, Foster argued the trial court imposed consecutive sentences without first making the appropriate findings pursuant to R.C. 2929.14(C)(4). The State conceded the proper consecutive sentencing findings were not made. The Eighth District Court of Appeals affirmed Foster's convictions but remanded the matter for resentencing. *State v. Foster*, 2024-Ohio-2075 (8th Dist.)

{¶ 6}   Upon remand, the trial court imposed the same aggregate sentence. The only change was to the sentence for involuntary manslaughter. The trial court sentenced Foster for involuntary manslaughter in accordance with the Reagan Tokes Act.

{¶ 7}   Foster appealed again, this time arguing that the record did not support the imposition of consecutive sentences. The Eighth District rejected Foster's argument and affirmed the judgment of the trial court. *State v. Foster*, 2025-Ohio-836 (8th Dist.).

{¶ 8} On April 11, 2025, Foster filed a motion seeking a writ of habeas corpus pursuant to R.C. 2725.01. He falsely claimed his convictions had been vacated by the Eighth District Court of Appeals and that his sentence had expired. He provided no judgment entry to support his allegation. Warden Stuff filed a motion for summary judgment which the trial court granted on July 29, 2025.

{¶ 9} Foster timely appealed and the matter is now before this court for consideration.

### Initial Matters

{¶ 10} First, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 11} This appeal shall be considered in accordance with the aforementioned rule.

{¶ 12} Second, Foster's brief largely fails to comply with App.R. 16(A). Foster fails to set forth any assignments of error and instead has submitted 17 pages of rambling and generally nebulous arguments. Specifically, Foster's brief fails to comply with App.R. 16(A)(3) which requires "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected;" App.R. 16(A)(4) which requires "[a] statement of the issues presented for review, with references to the assignments of error to which each issue relates;" and App.R. 16(A)(7) which requires "[a]n argument containing the contentions of the appellant with respect to each

assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

{¶ 13} We understand that Foster has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). See, also, State v. Hall, 2008-Ohio-2128, ¶11 (11th Dist.).

{¶ 14} Because Foster's brief fails to satisfy the requirements of App.R. 16(A)(3), (4), and (7); his brief is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 2010-Ohio-4843, ¶ 26 (5th Dist.). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v. Musleve*, 2008-Ohio-3961, ¶ 21 (5th Dist.). Such deficiencies permit this Court to dismiss Foster's appeal. *State v. Darby*, 2019-Ohio-2186, ¶¶ 21-24 (5th Dist.). Notwithstanding the omissions in Foster's brief, however, in the interests of justice and finality, we elect to review the appeal. Because Foster failed to set forth assignments of error, we will address the trial court's findings.

## Foster is not Entitled to the Extraordinary Remedy of Habeas Corpus

### Habeas Corpus Standard

{¶ 15} "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 2019-Ohio-4113, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. "[A]n inmate is not usually

eligible for habeas relief until his maximum sentence has expired." (Citation omitted.) *Pence v. Bunting*, 2015-Ohio-2026, ¶ 9. Additionally, habeas corpus is not available when an adequate remedy at law exists. (Citations omitted.) *Billiter v. Banks*, 2013-Ohio-1719, ¶ 8.

### Foster had an Adequate Remedy at Law

{¶ 16} First, as noted by Appellee, Foster's claims are record claims which were cognizable on direct appeal. And, as mentioned above, Foster did indeed appeal his sentence. Moreover, upon examination of the record and Foster's previous appeals in this matter, Foster's claim that his convictions and sentence were vacated is simply untrue. We therefore find the trial court committed no error in finding habeas corpus is not a remedy available to Foster.

### Foster's Claims Are Barred

{¶ 17} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. See *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995).

{¶ 18} Foster challenged his sentence in a direct appeal and could have raised his current arguments therein. The trial court did not therefore error in finding Foster's petition barred by res judicata.

**Foster Failed to Fully Comply with R.C. 2969.25(A)**

{¶ 19} Either of the foregoing findings by the trial court are sufficient for this court to affirm the dismissal of Foster's petition. But the trial court additionally found that Foster's petition was faulty.

{¶ 20} Under R.C. 2969.25(A), an inmate who files a civil action or appeal against a government entity or employee "shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." An inmate is required to strictly comply with the statute. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.,* 2019-Ohio-1271, ¶6. Failure to follow the mandatory requirements of R.C. 2969.25(A) in the commencement of an action requires dismissal. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶6. ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.")

{¶ 21} Here, Foster filed an "affidavit of verity." The trial court found the list of eleven prior actions contained in the affidavit was neither accurate nor comprehensive. The trial court additionally noted a previous habeas action filed by Foster in 2023 had been dismissed for Foster's failure to comply with R.C. 2969.25(A), not for a pending appeal as claimed by Foster in his petition. Judgment Entry Granting Respondent's Motion for Summary Judgment, filed July 29, 2025, page 4. Given these omissions and inaccuracies, we find no error in the trial court's decision to dismiss Foster's petition for failure to comply with the requirements O.R.C. 2969.25(A).

**Foster's Sentence Has Not and Will Never Expire**

{¶ 22} Finally, Foster claimed he was entitled to immediate release from prison because his sentence had expired. However, the remedy of habeas corpus is available only to those inmates whose maximum sentences have expired. *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346 (1994). Foster was sentenced in June, 2024 and is serving a sentence of 21 years with a life tail. There is therefore no support in the record to support Foster's contention that his sentence has expired, he is therefore not entitled to a writ of habeas corpus, and the trial court did not err in so finding.

{¶ 23} Because Foster is not entitled to a writ of habeas corpus for all of the above outlined reasons, we affirm the judgment of the Richland County Court of Common Pleas.

{¶ 24} For the reasons stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.

{¶ 25} Costs to Appellant.

By: King, J.

Baldwin, P.J. and

Gormley, J. concur.