[Cite as *Callan v. Callan*, 2026-Ohio-845.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SAMANTHA CALLAN, | Case No. 2025CA00036 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Stark County, Family Court Division, Case No. 2022DR00662 |
| JEREMY CALLAN, | |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment:  March 11, 2026 |

BEFORE: Craig R. Baldwin, Robert G. Montgomery, and David M. Gormley, Judges

APPEARANCES: Denise K. Houston (Houston Reed, LLC), Canton, Ohio, for Plaintiff-Appellee; Jeremy Callan briefed the case on his own behalf as Defendant-Appellant.

*Gormley, J.*

{¶1}    Defendant Jeremy Callan seeks to overturn a judgment of the Stark County Family Court.  That court granted a divorce to Jeremy Callan and his wife, Samantha Callan, and in doing so, the trial court divided the parties' personal and real property, allocated parental rights and responsibilities, and determined child-support obligations. For the reasons that follow, we affirm the trial court's decision.

**<u>The Key Facts</u>**

{¶2}    We will refer to Jeremy Callan as "Husband" and Samantha Callan as "Wife" in this decision to help the reader easily distinguish between the parties.

{¶3}    Wife filed a complaint for divorce in July 2022.  Husband was represented by counsel when he filed his response to the complaint and when the trial court referred

the parties to Dr. Aimee Thomas for psychological evaluations with parenting emphasis ("PEPE"). Husband began representing himself in April 2024, and he continues to represent himself in this appeal.

**{¶4}** A trial was held on seven non-consecutive days between September and December 2024. The trial court issued a decree of divorce on March 18, 2025. That entry divided the parties' marital estate, granted custody of the parties' daughter to Wife, and established Husband's child-support obligation. It is from this entry that Husband now appeals.

## Deficiencies in Husband's Appellate Brief

**{¶5}** We begin by addressing several shortcomings in Husband's appellate brief and in his presentation of the issues that he asks us to review.

**{¶6}** First, Husband chose to include in the record on appeal some but not all of the proceedings held in the trial court. The record provided to us includes transcripts from pretrial conferences held on June 27, 2024 and July 30, 2024, one hour of the first day of trial held on September 16, 2024, and approximately 50 minutes from the last day of trial held on December 5, 2024. Most of the proceedings from the seven-day trial have not been transcribed or transmitted to this court, and none of the trial exhibits are part of the record for our review.

**{¶7}** Appellate Rule 9(A)(1) provides that "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." Appellate Rule 9(B)(1) provides that "it is the obligation of the appellant to ensure that the proceedings the appellant considers

necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." Appellate Rule 10(A) places the burden on the appellant to "take any other action reasonably necessary to enable the clerk to assemble and transmit the record" to the court of appeals. *See also* App.R. 9(B)(4) ("If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript or proceedings that includes all evidence relevant to the findings or conclusion"); and *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988) ("where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record").

{¶8} In her brief, Wife moves for the dismissal of Husband's appeal for what she describes as his failure to comply with Appellate Rule 9. Although Appellate Rule 11(C) allows for dismissal based on an appellant's failure to cause the record to be timely transmitted, Ohio courts have generally held that the failure to file the complete record does not warrant dismissal. *See Camp-Out, Inc. v. Adkins*, 2007-Ohio-447, ¶ 22 (6th Dist.) (noting the approach by the Fourth, Seventh, Tenth, and Twelfth appellate districts to not dismiss an appeal outright merely because a transcript was not included in the record and to instead address the lack of a transcript in connection with each assignment of error). We agree with the approach taken by these districts, and we decline to dismiss Husband's appeal outright for his failure to provide the complete transcript as part of the record on appeal. To the extent that Husband alleges that errors occurred at the trial, we

will not be able to address alleged errors that occurred during the portions of the trial that have not been transcribed.

{¶9}    The next deficiency in Husband's brief is his failure to comply with Appellate Rule 16. Specifically, Husband's brief does not contain: a table of contents with page references (App.R. 16(A)(1)); a table of cases, statutes, and other authorities cited, with references to the pages of the brief where cited (App.R. 16(A)(2)); a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected (App.R. 16(A)(3)); a statement of the issues presented for review, with references to the assignments of error to which each issue relates (App.R. 16(A)(4)); a statement of facts relevant to the assignments of error presented for review, with appropriate references to the record (App.R. 16(A)(6)); and an argument containing appellant's contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies (App.R. 16(A)(7)).

{¶10}  This court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief." App.R. 12(A)(2). We understand that Husband has filed this appeal without the assistance of legal counsel, but the Supreme Court of Ohio has "repeatedly declared that 'pro se litigants . . . must follow the same procedures as litigants represented by counsel.'" *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. Non-attorney litigants who choose to represent themselves in court are also "'presumed to have knowledge of the law and legal procedures and . . . are held to the

same standard as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001).

**{¶11}** Although the deficiencies in Husband's brief permit this court to dismiss Husband's appeal, we find that Husband has provided enough information to allow us to discern the assignments of error that he intends to present, and, "in the interests of justice and finality, we elect to review the appeal." *Foster v. Stuff*, 2025-Ohio-5584, ¶ 14 (5th Dist.).

## The Trial Court Did Not Abuse Its Discretion in Admitting the Psychological-Evaluation-with-Parenting-Emphasis Reports into Evidence

**{¶12}** Husband first argues that the trial court erred in not allowing Husband, who was representing himself, to receive copies of the PEPE reports prepared by Dr. Thomas. In support of his argument, Husband cites Superintendence Rule 91.07, which governs custody-evaluator reports, and Civil Rule 26, which governs discovery in civil cases. Neither of these rules is applicable to the release of reports for psychological evaluations ordered in a divorce case.

**{¶13}** In a divorce case, the trial court "may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations." R.C. 3109.04(C). Any report that is prepared must "be made available to either parent or the parent's counsel of record not less than five days before trial, upon written request." *Id*.

**{¶14}** Dr. Thomas conducted psychological examinations of both Husband and Wife and prepared reports about those exams. Counsel for both Husband and Wife were

provided copies of the reports.  When Husband's counsel withdrew, Husband requested — at both the June 27, 2024 and July 30, 2024 pretrial conferences — that the trial judge provide him with copies of the reports.  Although the trial court did not provide Husband with copies of the reports, Husband was advised that he could review the reports at the courthouse but that he could not copy them.  The trial court advised Husband that reports of this kind are released only to attorneys and not to the parties themselves.

{¶15}  Husband did not take the opportunity to review the reports at the courthouse prior to trial, but he objected to Wife's use of the reports at trial.  The trial court responded to Husband as follows:  "You were not denied access to the report.  You had the opportunity to review the report here at the Court.  Whether you chose to take that opportunity or not, you were not denied the opportunity to review the report.  I did . . . specify that . . . you were not permitted to have copies of it or to take photographs of it or to take any portion of it with you.  But you could have certainly reviewed it here at the Court."  The trial court admitted the PEPE reports as exhibits at the trial.

{¶16}  R.C. 3109.04(C) does not specify the manner in which the report must be made available to the parties.  While Husband argues that he should have been provided copies of the reports, nothing in the statute required the trial court to provide copies to the parties.  "The only requirement in the statute is that the contents of the report be made available to the parties for review."  *Goodman v. Goodman*, 2005-Ohio-1091, ¶ 36 (3d Dist.).  The *Goodman* court determined that the statute's use of the phrase "be made available" seems to indicate that the General Assembly "intended only that the parties have the ability to examine the report and not necessarily receive a copy of it."  *Id*.

**{¶17}** The trial court made the PEPE reports available to Husband. Although he was provided ample opportunity to review the reports, Husband did not review the reports at the courthouse. We conclude that the trial court did not err in refusing to give Husband copies of the reports and did nothing wrong by allowing the psychologist who prepared the reports to refer to them during her testimony.

## The Trial Court Did Not Abuse Its Discretion in Admitting Video and Audio Recordings at Trial

**{¶18}** Husband's second argument focuses on the trial court's decision to admit evidence at the trial that Husband claims was not timely provided to him.

**{¶19}** The admission or exclusion of evidence rests within the sound discretion of the trial court. *Tate v. Tate*, 2004-Ohio-22, ¶ 63 (5th Dist.). The purpose of discovery under the Rules of Civil Procedure is "to prevent unfair surprise and the secreting of evidence by ensuring the free flow of information between the parties upon request." *Weckel v. Cole + Russell Architects*, 2013-Ohio-2718, ¶ 24 (1st Dist.). Because the entire trial was not transcribed, our review is limited to those evidentiary rulings that are included in the partial trial transcript from the first day of trial.

**{¶20}** Before the trial started, Husband advised the trial judge that Wife's counsel had, within the last few weeks, sent him "over a thousand documents" after discovery in the case has been "closed." The trial judge advised Husband that "in the interest of time," his concerns about individual items of evidence should be addressed as they arose during the trial. During the testimony of Wife's first witness — psychologist Aimee Thomas — Husband raised two objections to evidence that Wife sought to introduce. These are the only two evidentiary objections that are contained within the partial transcript that was transmitted to this court.

{¶21} Husband first objected to a video recording captured by a law-enforcement officer's body-worn camera during an encounter with Husband in July 2022. Husband claimed that he had not been provided with a copy of that video before the trial. As Wife's counsel addressed Husband's claim on the record, though, the discussion indicated that Husband was the one who had in fact provided the video to not only Wife's counsel, but also to the psychologist. The trial court then overruled Husband's objection to the video being played at the trial.

{¶22} Husband next objected to Wife playing audio recordings that he claimed depicted him as angry and prone to losing his temper. He told the trial judge that the recordings were part of the large batch of discovery items provided to him by Wife's counsel shortly before the trial began. Dr. Thomas — the psychologist — mentioned the audio recordings in her reports, which Husband did not take the opportunity to review. And Dr. Thomas testified that she discussed the incident on the audio recordings with Husband at one of his sessions with her. The trial court overruled Husband's objection to the audio recordings being played at the trial.

{¶23} Our review of the record indicates that Husband was not surprised by the introduction of the video and audio recordings during the testimony of Dr. Thomas. He appears to have misunderstood the purpose of and the mechanisms for exchanging discovery. He had notice of the video and audio recordings prior to their use at trial, and we find no error in the trial court's decision to allow those recordings to be played then.

**The Trial Court Did Not Abuse Its Discretion in Dividing the Marital Estate**

{¶24} Husband's next argument is that the trial court did not make an equitable distribution of the marital property. He takes issue with the trial court's determination that

Husband removed a John Deere tractor from the marital property and that Wife made an $11,000 loan to Husband to start his business.

**{¶25}** Except as otherwise provided in R.C. 3105.171, "the division of marital property shall be equal." R.C. 3105.171(C)(1). "If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." *Id*. The statute lists ten factors that a trial court must consider when dividing marital property. *Id*.

**{¶26}** "The trial court is the fact finder and is free to believe all, some, or none of the testimony regarding any particular asset. The trier of fact 'has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page.'" *Hawbecker v. Hawbecker*, 2016-Ohio-5740, ¶ 31 (5th Dist.), quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). This court does not serve as the trier of fact. Rather, our role "is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment." *Pletcher v. Pletcher*, 2019-Ohio-3625, ¶ 15 (5th Dist.).

**{¶27}** Husband does not cite to the portions of the transcript where the testimony on these issues was presented. The portion of the testimony transcribed from the first day of trial does not contain any testimony on these issues. The transcript from the last day of trial contains only the closing arguments of the parties, and those of course are not evidence. *See State v. Asp*, 2023-Ohio-290, ¶ 59 (5th Dist.). None of the trial exhibits were transmitted as part of the record on appeal.

**{¶28}** In short, we have been provided with nothing from the record that might allow us to review the trial court's distribution of the parties' marital property.  We must therefore conclude that the trial court did not abuse its discretion when that court divided the marital property.

## The Trial Court Was Not Unfairly Biased or Prejudiced Against Husband

**{¶29}** In his last argument, Husband alleges that the trial judge showed bias against Husband in the divorce action.

**{¶30}** "Generally, the proper avenue for redress when a party believes that the trial judge is biased is the filing of an affidavit of [disqualification] . . . with the Supreme Court of Ohio."  *State v. Johnson*, 140 Ohio App.3d 385, 391 (1st Dist. 2000), *see also State v. Bacon*, 2005-Ohio-6238, ¶ 66 (8th Dist.) (holding that an appellate court lacks jurisdiction to void the judgment of a trial court in response to a claim of judicial bias or prejudice because an aggrieved party's exclusive remedy is to file an affidavit of disqualification under R.C. 2701.03).

**{¶31}** Husband sought the disqualification of the trial judge through the procedure outlined in R.C. 2701.03.  The Chief Justice issued a decision on August 29, 2025 finding that Husband had not established that the trial judge should be disqualified.

**{¶32}** Although this issue has already been addressed by the court with the statutory authority to address it, we have, nonetheless, reviewed the record in this case and have reached the same conclusion.  "Judicial bias is demonstrated by 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the

facts.'" *State v. Loudermilk*, 2017-Ohio-7378, ¶ 21 (1st Dist.), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus.

{¶33} The record before us provides no support for the view that the trial judge reached a decision based on any bias against Husband, and we see no indication that the judge conducted the trial in an unfair way. As a result, we disagree with Husband's view that the trial judge was biased against him.

{¶34} Finally, we note that Husband filed a motion here several days after the scheduled argument date asking us to pause these appellate proceedings while he appeals the issuance of a civil protection order against him. He claims in that motion that he could not attend the argument in this appeal because the protection order forbids him from having contact with his ex-wife. Husband did not raise this issue before the argument date, and that argument proceeded without him. We deny his post-argument request that we stay our ruling now.

**{¶35}** For the reasons explained above, the judgment of the Family Court Division of the Court of Common Pleas of Stark County is affirmed. Costs are to be paid by Appellant Jeremy Callan.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.